■ FARGLEN BUILDING CORP., Appellant, v DURALAB EQUIPMENT CORP., Respondent.—In an action on a lease and to recover damages for breach of that lease, plaintiff appeals from an order of the Supreme Court, Kings County, dated October 17, 1975, which denied its omnibus motion, with leave granted to renew at the trial that branch of the motion which sought leave to amend the complaint by increasing certain amounts claimed as damages. Order modified by adding thereto a provision that the denial of the branch of the motion which was for the assignment of this case to one Justice is denied, without prejudice to a renewal thereof upon a proper showing. As so modified, order affirmed, with $50 costs and disbursements to respondents. The merit of all of the plaintiff's claims is dependent upon a determination of the defendant's affirmative defenses and counterclaims that plaintiff breached the lease by unreasonably withholding its consent to a subletting of the leased premises or to an assignment of the lease. These affirmative defenses and counterclaims present questions of fact. Thus, Special Term was correct in its denial of the branch of the motion which was for summary judgment and in its refusal to dismiss the affirmative defenses and counterclaims. We note that no good purpose would be served by granting the branch of the motion which sought amendment of the *ad damnum* clause; any such application should be made at the time of trial as the claimed damages will continue until that time. Plaintiff's request that defense counsel "be directed to attend for rulings" is so deficient in specificity that it cannot be considered. We note that a decision on a related motion may already have been made by another Supreme Court Justice. Finally, plaintiff's request for the assignment of one Justice to preside at all future

proceedings in this case may be pursued, if it so chooses, by a motion at Special Term on a proper showing of a need therefor. Hopkins, Acting P. J., Latham, Christ and Hawkins, JJ., concur.